FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 31 2011 C/M ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELMER SINGLETARY,

                                Plaintiff,

       - against -

ALLIED BARTON SECURITY SERVICES,
et al.,

                              Defendants.
----------------------------------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**

10 Civ. 5752 (BMC)(LB)

**COGAN**, District Judge.

Plaintiff *pro se* alleges that he was improperly terminated from his employment as a security guard for sleeping on the job, conduct to which he admits. He commenced this case alleging various constitutional and statutory violations in state court against his union, his former employer, the New York City Department of Administrative services (the City agency which contracted with his former employer to receive security guard services) and its employee. Defendants removed the case to this Court based on federal question jurisdiction.

By Order entered April 20, 2011, this Court dismissed the New York City Department of Administrative Services and its employee, and dismissed all claims against the remaining defendants except a hybrid claim under § 301 of the Labor Management Relations Act. As to that claim, the Court converted defendants' motions to dismiss, which were based, *inter alia*, on failure to exhaust administrative grievance procedures, to motions for summary judgment so that extrinsic matter related to the grievance procedures could be considered. Both sides were given the opportunity to make additional submissions, which they have done, and plaintiff was duly

advised of the procedures concerning summary judgment.[1] The April 20 Order set forth some additional factual background to the case, familiarity with which is presumed.

District courts have discretion under the LMRA to decide whether a plaintiff is required to exhaust internal union remedies prior to filing suit. Maddalone v. Local 17, United Bhd. Of Carpenters, 152 F.3d 178, 186 (2d Cir. 1998). There are at least three factors that courts consider in determining whether to exercise their discretion to require exhaustion:

> First, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

Id. (quoting Clayton v. Int'l Union, United Auto., Aerospace & Agric. Workers of Am., 451 U.S. 579, 689 (1981)).

The record here is clear and undisputed. Plaintiff initially grieved his termination to his union, but because staying awake at all times while on post in the security industry is considered a "cardinal rule," the union determined not to pursue the grievance. Plaintiff was clearly advised of his right to appeal that determination to the union's appellate review board, and initially he did so. The union scheduled an appeal hearing, and called him the day before to remind him that he needed to show up. However, plaintiff responded to the call by stating that he no longer wished to pursue his appeal, and he in fact did not show up for the hearing. The union sent him a letter giving him another chance to go forward with the appeal, but he never responded to that letter.

Plaintiff's explanation for abandoning the appeals process, as stated in this action, is as follows:

---

[1] The Court *sua sponte* extended plaintiff's time to file an opposition to the motions for summary judgment when the employer defendant advised the Court that plaintiff received one of the copies to its submission late. Plaintiff has nevertheless filed an affirmation opposing both motions within the original deadlines provided by the Court.

2

> Any and all the plaintiff dealing with the Grievance Appeal Board of SEIU, 32BJ were completely severed when the [sic] told me Ben and Lou from the Allied Barton Security Services were part of the arbitration process; I simply refuse to subject myself to that foolishness again; it is an absolute contradiction. Besides, how can the GAB represent me and join forces with the defendants at the same time. I was taught you cannot be honest and dishonest at the same time (you are dishonest). You either love one or hate the other. To state that an internal union process ever existed is a total farce.

The union has submitted evidence on this motion that precludes any issue of fact about the fairness of its internal grievance process. Its procedures comport entirely with the process required by Clayton v. International Union, UAW, 451 U.S. 679, 689, 101 S.Ct. 2088 (1981). Nor is there any indication or even a claim of animosity between plaintiff and the union. The union made a merits-based determination of plaintiff's claim and provided an avenue for impartial review of its initial determination not to pursue it. It appears that if plaintiff had been successful on his administrative appeal, his reinstatement was within the scope of a negotiated resolution or arbitral award. It further appears that the union processed his grievance in a timely manner at both levels.

There is thus no procedural infirmity. What happened here was that plaintiff would not tolerate a resolution which might involve a negotiation for his reinstatement with his employer, and became hell-bent on obtaining a judgment against it and anyone else who he believed had wronged him. However, except in cases involving a breach of fiduciary duty, it is important that courts not interfere with a union's determination as to whether a grievance should or should not be pursued. There is a strong "policy of judicial noninterference in union affairs." Maddalone, 152 F.3d at 186 (2d Cir. 1998). Plaintiff has not come close to showing any reason to except his case from this policy.

Accordingly, defendants' motions for summary judgment [33] [74] for failure to exhaust administrative remedies are granted, and the complaint is dismissed.

3

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
_____
U.S.D.J.

Dated: Brooklyn, New York
      May 31, 2011